UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE K. KWARYE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:24-cv-00404-JAW |
| ) | |
| UNITED STATES ) | |
| IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT, et al., ) | |
| ) | |
| Respondents ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2241 PETITION**

Petitioner, who was in Immigration and Customs Enforcement (ICE) custody, seeks habeas relief in accordance with 28 U.S.C. § 2241. (Petition, ECF No. 1.) The Government argues the petition should be dismissed for lack of jurisdiction. (Response, ECF No. 9.)

After a review of the parties' arguments and the record, I recommend the Court grant the Government's request and dismiss the petition.

**DISCUSSION**

Petitioner entered the United States in June 2001. In November 2011, an immigration judge (IJ) ordered him to be removed from the country. The Board of Immigration Appeals (BIA) upheld the decision in April 2014. Petitioner later entered ICE custody in January 2024. Petitioner attached exhibits to his petition showing that in April 2024 and August 2024, ICE conducted custody reviews to determine whether to keep Petitioner in custody or release him subject to supervision. Petitioner was evidently kept in ICE custody after both reviews, and he was evidently confined at the Cumberland

County Jail when he filed the § 2241 petition with this Court in November 2024. The Government represents to the Court that Petitioner was removed from the United States to Ghana on December 12, 2024. Since then, the mail the Court has sent to Petitioner's prior address has been returned as undeliverable.

Petitioner relies on a line of cases from the Supreme Court, namely *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021) and *Zadvydas v. Davis*, 533 U.S. 678 (2001), in support of his request for relief. Petitioner evidently intended to challenge the length of time he had spent in ICE custody without being removed from the United States. The Supreme Court has explained:

> Once an alien is ordered removed, [the Department of Homeland Security] must physically remove him from the United States within a 90-day "removal period." The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. During the removal period, detention is mandatory.
>
> [T]he removal period may be extended in at least three circumstances, such that an alien remains detained after 90 days have passed. First, the removal period may be extended if the alien fails to make a timely application for travel documents or acts to prevent his removal. Second, DHS may stay the immediate removal of certain aliens if it decides that such removal is not practicable or proper, or if the alien is needed to testify in a pending prosecution. And finally, the statute provides that an alien may be detained beyond the removal period or released under supervision if he is (1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order. Continued detention under this provision creates the "post-removal-period."
>
> Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period, this Court has "read an implicit limitation" into the statute "in light of the Constitution's demands," and has

> held that an alien may be detained only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). And according to the Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. After that point, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*
>
> If no exception applies, an alien who is not removed within the 90-day removal period will be released subject to supervision.

*Guzman Chavez*, 594 U.S. at 528–29 (statutory and regulatory citations omitted).

Here, the jurisdictional "in custody" requirement of the habeas statute is satisfied because there is no dispute that Petitioner was in federal custody at the time he filed the § 2241 petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("[The petitioner] was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires"); *Simmonds v. I.N.S.*, 326 F.3d 351, 356 (2d Cir. 2003) (holding that, like a detainer, a removal order satisfies the custody requirement for purposes of the habeas statute even if an alien has not yet entered federal detention).

Although the "in custody" requirement is only an issue at the time of filing, a habeas petition can fail due to mootness because the Article III case or controversy requirement "subsists through all stages of federal judicial proceedings . . . ." *Spencer*, 523 U.S. at 7. A pending petition, however, does not necessarily become moot when a prisoner is unconditionally released from physical confinement. The "collateral consequences" of the challenged legal proceedings ordinarily suffice to prevent a habeas case from becoming

3

moot. *Id.*; *see also*, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (relying on the prolonged consequences of a criminal conviction even after release to avoid mootness).

In the context of a habeas proceeding challenging removal proceedings, the First Circuit has held that "the bar on readmission of a removed alien is a legally cognizable collateral consequence that preserves a live controversy even after deportation of the petitioner." *Leitao v. Reno*, 311 F.3d 453, 456 (1st Cir. 2002). In this case, however, Petitioner does not challenge the removal order or the basis for the removal order, such as an underlying conviction which necessitated removal. Rather, Petitioner raises a *Zadvydas* claim, which only challenges the duration of pre-removal custody, and the only relief authorized is supervised release. When petitioners have been removed from the United States while their *Zadvydas* claims were pending, other courts have dismissed the habeas petitions on mootness grounds. *See, e.g.*, *Gicharu v. Moniz*, No. CV 23-11672-MJJ, 2023 WL 5833115, at *1 (D. Mass. Sept. 8, 2023); *Lopes v. Ashcroft*, No. C.A.04-014W, 2004 WL 1053087, at *2 (D.R.I. Apr. 5, 2004). The courts' reasoning is sound. Unlike a challenge to the basis of a removal order, there are no apparent collateral consequences from an allegedly too-lengthy period of temporary detention. The petition, therefore, is moot, and dismissal is warranted.[1]

---

[1] Even if there was a continued collateral consequence that could sustain subject matter jurisdiction over the petition, dismissal would still be appropriate. Petitioner cannot show that he is entitled to habeas relief because the removal makes it impossible to conclude that the temporary detention was unconstitutionally longer than the period reasonably necessary to achieve the removal. Put another way, the removal rebuts any possible inference that there was no foreseeable likelihood of removal.

**CONCLUSION**

Based on the foregoing analysis, I recommend the Court dismiss the matter.

**NOTICE**

    A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

    Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                  /s/ John C. Nivison
                                  U.S. Magistrate Judge

Dated this 20th day of February, 2025.