UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE KWASI KWARYE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:24-cv-00404-JAW |
| ) | |
| UNITED STATES IMMIGRATION AND ) | |
| CUSTOMS ENFORCEMENT, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER ON REPORT AND RECOMMENDED DECISION**

After performing a de novo review, the court affirms a recommended decision to dismiss a petitioner's habeas corpus petition on the ground that the petition is moot because the petitioner has been removed from the United States. The court grants the government's motion to dismiss, affirms the recommended decision, and dismisses the petitioner's 28 U.S.C. § 2241 motion.

**I.    BACKGROUND**

On November 25, 2024, George Kwasi Kwarye filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the United States Immigration and Customs Enforcement (ICE) and Cumberland County Sheriff Kevin J. Joyce (collectively, the Government), alleging the Government unlawfully and indefinitely detained him. *Pet. For Writ of Habeas Corpus Under 28 U.S.C. § 2241* at 2, 6 (ECF No. 1) (*Pet'r's Mot.*). Mr. Kwarye elected to proceed without the prepayment of fees. *Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs* (ECF No. 2). On December 31, 2024, the Government filed a motion to dismiss Mr. Kwarye's petition

on the ground that he was removed from the United States to Ghana on December 12, 2024 and the Court thus lacks jurisdiction to preside over his habeas petition. *Mot. to Dismiss* (ECF No. 9).[1]

Pursuant to 28 U.S.C. § 1915(e)(2), the statute that governs matters filed without the prepayment of fees, courts are authorized to conduct a preliminary review of a complaint when a plaintiff proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2). On February 20, 2025, after performing such a preliminary review, the United States Magistrate Judge recommended the Court grant the Government's motion to dismiss Mr. Kwarye's habeas petition. *Recommended Decision on 28 U.S.C. § 2241 Pet.* (ECF No. 12) (*Rec. Dec.*). Mr. Kwarye did not file an objection to the Recommended Decision.

## II. DISCUSSION

The crux of the Recommended Decision is that Mr. Kwarye was in custody at the Cumberland County Jail when he filed his habeas petition in November 2024 and thus satisfied 28 U.S.C. § 2241's jurisdictional requirement that a petitioner be in custody at the time of filing. *Recommended Decision* at 3 (citing *Spencer v. Kemma*, 523 U.S. 1, 7 (1998) ("[The petitioner] was incarcerated . . . at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2241 requires"); *Simmonds v. I.N.S.*, 326 F.3d 351, 356 (2d Cir. 2003) (holding that a removal order

---

[1] Respondents titled their filing a "Response to Order to Answer," which was docketed on December 31, 2024 at ECF No. 8. Upon review, the Court Clerk determined this answer moved for dismissal and additionally docketed the filing, without attachment, as a Motion to Dismiss at ECF No. 9. For clarity, the Court cites this filing as Motion to Dismiss (ECF No. 9), but notes that the Respondents' motion appears in substance at ECF No. 8.

2

satisfies the habeas statute's custody requirement even if an undocumented individual has not yet entered federal detention)). Nevertheless, the Magistrate Judge recommends dismissal of Mr. Kwarye's petition because "[a]lthough the 'in custody' requirement is only an issue at the time of filing, a habeas petition can fail due to mootness because the Article III case or controversy requirement 'subsists through all stages of federal judicial proceedings.'" *Id.* (quoting *Spencer*, 523 U.S. at 7).

The Recommended Decision discusses how an individual's unconditional release from physical confinement does not necessarily moot a pending habeas petition because the "collateral consequences" of the challenged legal proceeding ordinarily suffice to prevent a habeas case from becoming moot. *Id.* at 3-4 (citing *Spencer*, 523 U.S. at 7; *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (relying on the prolonged consequences of a criminal conviction even after release to avoid mootness)). The same principle extends to a habeas petition challenging an immigration removal proceeding; the First Circuit has held that "the bar on readmission of a removed alien is a legally cognizable collateral consequence that preserves a live controversy even after deportation of the prisoner." *Id.* at 4 (quoting *Leitao v. Reno*, 311 F.3d 453, 456 (1st Cir. 2002)).

Still, the Magistrate Judge recommends dismissal of the Mr. Kwarye's case because "Petitioner does not challenge the removal order or the basis for the removal order, such as an underlying conviction which necessitated removal. Rather,

3

Petitioner raises a *Zadvydas*[2] claim, which only challenges the duration of pre-removal custody, and the only relief authorized is supervised release." *Id.* When habeas petitioners have been removed from the United States while their *Zadvydas* claims remained pending, the Recommended Decision explains, "other courts have dismissed the habeas petitions on mootness grounds." *Id.* (citing, e.g., *Gicharu v. Moniz*, Civ. Action No. 23-11672-MJJ, 2023 U.S. Dist. LEXIS 159104 (D. Mass. Sept. 8, 2023) (citation amended))). The Magistrate Judge opined "[t]he[se] courts' reasoning is sound" where "[u]nlike a challenge to the basis of a removal order, there are no apparent collateral consequences from an allegedly too-lengthy period of temporary detention." *Id.* On this basis, the Magistrate Judge thus recommends the Court grant the Government's motion to dismiss and accordingly dismiss Mr. Kwarye's habeas petition.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. The Court made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision and concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and determines that no further

---

[2] In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court interpreted the Immigration and Nationality Act to mean that "[w]hen an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily [must] secure[] the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien is normally held in custody," although 8 U.S.C. § 1231(a)(6) authorizes further detention if the Government fails to remove the undocumented individual during those ninety days. *Id.* at 682. The *Zadvydas* Court held that "[b]ased on our conclusion that indefinite detention of aliens [who were admitted to the United States but subsequently ordered removed] would raise serious constitutional concerns, we construe [8 U.S.C. § 1231(a)(6)] to contain an implicit 'reasonable time' limitation." *Id.*

4

proceeding is necessary. The Magistrate Judge's opinion is thoughtful and well-reasoned, and persuasively explains the basis for his conclusion that Mr. Kwarye's habeas petition is moot on the ground that there are no apparent collateral consequences from an allegedly overly long period of detention.

"Article III [of the United States Constitution] prohibits federal courts from deciding 'moot' cases or controversies—that is, those in which the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Unión de Empleados de Muelles de P.R., Inc. v. Int'l Longshoremen's Ass'n*, 884 F.3d 48, 57 (1st Cir. 2018). "So even if a suit presented a live dispute when filed, if events change 'such that . . . the complaining party winds up with all the relief the federal court could have given [it],' the case is 'moot' and must be dismissed." *Calvary Chapel of Bangor v. Mills*, 52 F.4th 40, 46-47 (1st Cir. 2022).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), and, thus, the release of a habeas petitioner from the challenged custody may moot a habeas petition. In *Gicharu*, the District of Massachusetts concluded this was the case when faced with a habeas corpus petition from an individual challenging the length of his confinement pursuant to *Zadvydas* and asking the Court to order his immediate release "under reasonable conditions of supervision." *Gicharu*, 2023 U.S. Dist. LEXIS 159104, at *2. The district court concluded "Gicharu's removal to Kenya moots [his] petition for release from ICE custody because the Court can no longer provide the

requested relief." *Id.* at *2-3 (citing, e.g., *Mehmood v. United States Att'y Gen.*, 808 Fed. App'x 911 (11th Cir. 2020) (per curiam); *Purveegiin v. Chertoff*, 282 Fed. App'x 149, 150 (3d Cir. 2008) (per curiam)).

The Court reaches the same conclusion as the Magistrate Judge that the reasoning of *Gicharu* similarly applies here. The sole basis for Mr. Kwarye's challenge to his detention is the Supreme Court's holding in *Zadvydas*, *see* Pet'r's Mot. ¶¶ 13-24, and his only requested relief was "immediate[] release." *Id.* ¶ 25. Thus, as in *Gicharu*, Mr. Kwarye's removal to Ghana "moots [his] petition for release from ICE custody because the Court can no longer provided the requested relief." *Gicharu*, 2023 U.S. Dist. LEXIS 159104, at *2-3. As discussed, Article III confines the federal courts' jurisdiction to those claims which embody actual "cases" or "controversies," U.S. CONST. art. III, § 2, cl. 1, and "when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome—the case or controversy ceases to exist, and dismissal of the action is compulsory." *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001)); *see also United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016) ("Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects").

### III.   CONCLUSION

Having performed a de novo review, the Court AFFIRMS the Recommended Decision on 28 U.S.C. § 2241 Petition (ECF No. 12), GRANTS the Government's

Motion to Dismiss (ECF No. 9), and accordingly DISMISSES without Prejudice Mr. Kwarye's Application for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1). No Certificate of Appealability should issue because there is no substantial issue that could be presented on appeal. *See* FED. R. APP. P. 22 and Rule 11 of the Rules Governing Proceedings Under 28 U.S.C. Section 2254 or Section 2255.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2025